[Cite as *State v. Gray*, 2025-Ohio-5431.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-13 |
| Appellee | : | |
| | : | Trial Court Case No. 2019 CR 074 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| RANDY LEE GRAY, JR. | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on December 5, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

LEWIS, J., and HANSEMAN, J., concur.

CHRISTOPHER BAZELEY, Attorney for Appellant
KARA N. RICHTER, Attorney for Appellee

TUCKER, J.

{¶ 1} Randy Gray appeals from the trial court's judgment entry revoking community control and imposing a ten-month prison sentence for forgery, a fifth-degree felony.

{¶ 2} Gray contends that the trial court erred by ordering him to pay costs associated with community control revocation. He asserts that he lacks the ability to pay.

{¶ 3} We conclude that the record establishes Gray's ability to pay the challenged costs. Accordingly, the trial court's judgment is affirmed.

## I. Background

{¶ 4} A grand jury indicted Gray on one count of forgery for purposely passing a forged check for $875.59. He pled guilty and agreed to make restitution to the victim bank. He also agreed to pay court costs and attorney fees as part of the negotiated plea. When the trial court inquired about Gray's ability to pay restitution, he responded that he could get a job. The trial court accepted the guilty plea and proceeded to sentencing. Gray stated that he had completed high school and had worked in the fast-food industry for most of his life. He also indicated that he had an unspecified old child support obligation. The trial court sentenced him to three years of community control and ordered him to pay restitution. It declined to impose any fine or order payment of court costs, telling Gray, "All I want you to do is pay restitution."

{¶ 5} The State subsequently filed a violation notice, alleging that Gray had been charged with animal cruelty, had failed to report to his supervising officer, and had been

found in possession of marijuana. Gray admitted the violations. He also told the trial court that after his conviction he had worked doing door-to-door solicitation, most recently earning $700 for a week's work on behalf of Kamala Harris' campaign. The trial court revoked community control and imposed a ten-month prison sentence. It found that Gray was employable and ordered him to pay costs associated with the revocation case as well as the unpaid restitution. The trial court's judgment entry stated: "Defendant is ordered to pay costs of the community control violation case. Judgment is granted for costs and execution for costs is awarded." This appeal followed.

## II. Analysis

{¶ 6} Gray's assignment of error states:

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED GRAY TO PAY THE COSTS OF HIS COMMUNITY CONTROL.**

{¶ 7} Gray argues that his income and ability to pay costs at the time of revocation did not differ significantly from his earlier financial situation when he was placed on community control. He notes that the trial court originally did not order the payment of court costs when it placed him on community control. Given that his ability to pay remained about the same at the time of revocation, he asserts that the trial court erred in ordering him to pay costs associated with the community control violation.

{¶ 8} Upon review, we find Gray's argument to be unpersuasive. The trial court appears to have imposed its financial sanction under R.C. 2929.18(A)(5)(a)(i), which authorizes "[r]eimbursement by the offender of any or all of the costs of sanctions incurred by the government, including . . . [a]ll or part of the costs of implementing any community control sanction." Gray contends the record fails to demonstrate his ability to pay costs associated with his community control revocation.

3

{¶ 9} In its judgment entry, however, the trial court stated that it had considered Gray's present and future ability to pay, as required by R.C. 2929.19(B)(5). The trial court also found "from the information presented" that Gray was employable. Having reviewed the record, we see no error in the trial court's determination regarding his ability to pay the costs at issue.

{¶ 10} At the time of his original sentencing in 2024, Gray was 42 years old and had completed high school. He advised the trial court that he had worked in the fast-food industry most of his life. He also briefly had worked by soliciting residents to change their electricity suppliers and by passing out election materials for Kamala Harris' campaign. When asked at the original sentencing hearing about his ability to pay restitution to the victim bank, Gray acknowledged that he could "get a job." Based on this information, the trial court reasonably concluded that he could pay the costs of his community control revocation.

{¶ 11} Gray's argument about the trial court not imposing court costs at his original sentencing fails to persuade us otherwise. The trial court's failure to order payment of court costs at the original sentencing was not predicated on his inability to pay them. As part of his negotiated guilty plea, Gray admitted being employable and agreed to pay court costs and attorney fees. The trial court declined to impose those financial obligations, however, because it wanted him to focus on paying restitution, not based on any finding that he could not pay. The trial court's failure to order payment of court costs at the original sentencing did not preclude a later finding that he was able to pay costs associated with the community control case. Accordingly, Gray's assignment of error is overruled.

### III. Conclusion

{¶ 12} The judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

LEWIS, J., and HANSEMAN, J., concur.